IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE | Chapter 7 |
| EDWARD R. FOX, | Case No. 20 – 03049 |
| Debtor. | Hon. Jack B. Schmetterer |
| DAVID R. HERZOG, not individually but solely in his capacity as Chapter 7 Trustee, | |
| Plaintiff, | |
| v. | Adversary No. 20 A 00342 |
| DAWN FOX, | |
| Defendant. | |

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** [DKT. NO. 1]

The Court makes and enters the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

1. On February 3, 2020, Edward R. Fox, (the "Debtor") caused a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code to be filed, and David R. Herzog was appointed as Chapter 7 Trustee.

2. Dawn Fox is the wife of the Debtor, Edward R. Fox, residing at 8543 West 171st Place, Tinley Park, Illinois.

3. The Debtor scheduled a joint ownership interest in certain Real Property commonly known as 284 County Road 892, Granby, Colorado[1] (the "Granby Real Property").

---

[1] The real property is also known as 84 Balsam Drive, Granby, Colorado..

4. Legal and equitable title to the Granby Real Property is held jointly by the Debtor and Dawn Fox, the Defendant and wife of the Debtor.

5. The Granby Real Property was scheduled by the Debtor as having a market value of $310,000.00.

6. The Granby Real Property is subject to a first priority mortgage lien in favor of Grand Mountain Bank in the estimated aggregate amount of $222,048.53.

7. The Granby Real Property has a current market value of $531,000.00, based upon the Trustee's agreement to sell the Real Property for $531,000.00 pursuant to that certain Contract to Buy and Sell Real Estate and Counterproposal

8. The Granby Real Property is not occupied by the Debtor and/or Dawn Fox as their principal residence and is not homestead property.

## CONCLUSIONS OF LAW

11. The Trustee has the burden of proving that the Granby Real Property can be sold by the Estate under 11 U.S.C. § 363(h).

12. 11 U.S.C. § 363(h) requires the Trustee to provide that: "(1) partition in kind of such property among the estate and such co-owners is impracticable; (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners; (3) the benefit to the estate of a sale of such property free of the interest of co-owners outweighs the detriment, if any, to such co-owners; and (4) such property is not used in the production, transmission, or distribution for sale, of electric energy or of natural or synthetic gas for heat, light, or power."

13. Each of the four (4) elements of Section 363(h) can be met in this case.

14. The Debtor's interest in the Granby Real Property constitutes property of the estate pursuant to 11 U.S.C. § 541.

15. Partition in kind of the Granby Real Property is impractical.

16. The sale of the estate's undivided interest in the Granby Real Property will realize significantly less for the estate than sale of the entirety of the Granby Real Property free of the interests of the Defendant.

17. The benefit to the estate of the sale of the entirety of the Granby Real Property free of the interests of the Defendant outweighs the detriment, if any, to the Defendant.

18. The Trustee has established each of the elements required under 11 U.S.C. §363(h) and he is authorized to sell the entirety of the Granby Real Property.

Enter:

Honorable Jack B. Schmetterer
United States Bankruptcy Judge

Dated: November 24, 2020

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID # 6216626)
Rachel S. Sandler (Atty ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558